

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-3-2006

# Wang v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4028

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wang v. Atty Gen USA" (2006). *2006 Decisions.* Paper 370.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/370

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4028
_____

ZU YONG WANG,
                              Petitioner

v.

ALBERTO GONZALES, Attorney General of the United States,
                              Respondent

_____

On Petition for Review of a Final Order of Removal from
the Board of Immigration Appeals
A70-908-494

_____

Submitted Under Third Circuit LAR 34.1(a)
September 29, 2006

_____

Before: MCKEE and AMBRO, Circuit Judges, and
RESTANI*, Judge

(Filed: October 3, 2006)
_____

OPINION
_____

_____
        *Honorable Jane A. Restani, Chief Judge of the United States Court of
International Trade, sitting by designation.

RESTANI, <u>Judge</u>.

Zu Yong Wang ("Wang") petitions for review of a final order of the Board of Immigration Appeals ("BIA") affirming an immigration judge's ("IJ") denial of his application for asylum and withholding of removal, and protection under the United Nations Convention Against Torture. We will deny the petition for review.

## I. Procedural and Factual Background

On November 5, 1992, Wang, a native and citizen of the People's Republic of China ("PRC"), entered the United States without being admitted or paroled.[1] On June 6, 1993, Wang applied for asylum based upon political opinion. He claimed that because of his participation in the students' pro-democracy movement in Beijing in June of 1989, his life would be in jeopardy if he returned to the PRC. In November 1996, Wang appeared for an asylum interview with an immigration officer and again claimed that he was seeking asylum based upon his participation in the student movement. On July 1, 1999, the Immigration & Naturalization Service ("INS") issued a Notice to Appear to Wang charging him with being removable as an alien who entered the United States without being admitted or paroled, pursuant to 8 U.S.C. § 1182(A)(6)(A)(i).

On August 29, 2002, Wang appeared before the IJ for his asylum hearing. At the

---

[1]Petitioner's brief states that Petitioner arrived in the United States on or around July 23, 1999. At his immigration hearing, however, he claimed that he arrived in the United States in 1992. The asylum application also lists November 15, 1992 as the date of his entry into the United States. We will use November 15, 1992 as Wang's date of entry.

2

hearing, Wang "disavowed" the information in his 1993 asylum application, claiming that it was prepared for him and that he did not know its contents despite having signed the document. He instead sought to base his asylum application upon two grounds: political opinion because of his involvement with the students' pro-democracy movement in Beijing in 1989, and opposition to the PRC's family planning policy. For the first time, Wang alleged that his wife was forcibly sterilized in 1992 after giving birth to his second child. Wang explained that he did not mention his wife's sterilization on his 1993 asylum application or during his 1996 asylum interview because he did not believe that opposition to family planning was a ground for asylum in 1993 or 1996. To support his asylum claim, Wang submitted a certificate of his wife's sterilization and a certificate of a fine he allegedly received for having more than one child.

The IJ found that Wang was not a credible applicant and denied his application. On September 13, 2002, Wang appealed the IJ's decision to the BIA. On February 13, 2004, the BIA affirmed the IJ's decision without opinion. Wang petitions for review of the BIA's affirmance, arguing that the IJ's decision is not supported by substantial evidence.

## II. Discussion

We have jurisdiction pursuant to 8 U.S.C. § 1252(a) (2000). Where the BIA affirms the decision of the IJ without opinion, as here, we review the IJ's decision directly. Konan v. Attorney General of the U.S., 432 F.3d 497, 500 (3d Cir. 2005). We will uphold an IJ's adverse credibility determination if it is supported by "reasonable, substantial, and probative

3

evidence." INS. v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The IJ cannot base an adverse credibility determination on "speculation or conjecture," but must provide "specific, cogent reasons" for finding the alien's testimony incredible. Dia v. Ashcroft, 353 F.3d 228, 249–50 (3d Cir. 2003) (en banc). Valid grounds for an adverse credibility determination include "inconsistent statements, contradictory evidences, and inherently improbable testimony in view of the background evidence on country conditions." Id. at 249. In this case, the IJ has provided specific, cogent reasons for finding Wang's testimony incredible.

In regard to Wang's claims that his wife was forcibly sterilized, the IJ found it incredible that Wang failed to disclose his wife's alleged forced sterilization on two prior occasions. Although Wang explained that he did not previously disclose his wife's alleged forced sterilization because he did not believe it was a ground for relief in 1993 or 1996, the IJ noted that numerous asylum applications filed since 1992 were based upon opposition to the PRC's family planning policy. Additionally, the IJ doubted the authenticity of the certificate of sterilization and the certificate of the fine imposed upon Wang. In particular, the IJ questioned the old documents' good condition. Wang claimed that the documents were in good condition because his wife kept them pressed in a book since 1992 so that Wang can later use them in his asylum application. The IJ found that Wang's explanation was inconsistent with his belief that relief based upon forced sterilization was not available during his initial asylum application in 1993 or his asylum interview in 1996.

As to Wang's claims that he participated in the students' pro-democracy movement

4

in Beijing in 1989, the IJ found that Wang was a farmer in the PRC and did not appear to have the ability to interact with students and to participate in a student movement. The IJ also noted that Wang was unclear about the facts surrounding the student movement. Thus, the IJ concluded that Wang had little or no involvement with the student movement.

Finally, the IJ remarked that Wang appeared "somewhat remote [and] robotic" during his testimony and had difficulty answering questions. J.A. 64. The IJ also noted that Wang admitted to memorizing his testimony for his asylum interview in 1996. Thus, the IJ concluded that Wang had also memorized his testimony for his asylum hearing.

Based on the record presented, we hold that the IJ's adverse credibility determination is supported by substantial evidence. Accordingly, we will DENY the petition for review.